MICHELLE D. ALARIE, ESQ.
Nevada Bar No. 11894
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone: 702.678.5070
Facsimile: 702.878.9555
malarie@atllp.com

CHRISTOPHER D. BAUCOM, ESQ. (admitted *pro hac vice*)
Missouri Bar No. 56465
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Phone: 314.621.5070
Facsimile: 314.621.5065
cbaucom@atllp.com

*Attorneys for Defendant BrassCraft Manufacturing Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, as subrogee of Vardges Shamshian,<br><br>Plaintiff,<br><br>vs.<br><br>BRASSCRAFT MANUFACTURING COMPANY and DOES 1 through 100; and ROE CORPORATIONS 101 through 200,<br><br>Defendants. | Case No.: 2:19-cv-02242-APG-DJA<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

This Stipulated Confidentiality and Protective Order ("Protective Order") is stipulated and entered into by and between Defendant BrassCraft Manufacturing Company ("Defendant" or "BrassCraft") and Plaintiff Allstate Insurance Company ("Plaintiff" or "Allstate"), by and among the undersigned counsel, acting for, on behalf of, and with the express authorizations and approval of BrassCraft and Allstate (each a "party" and, collectively, the "parties"). The parties, subject to the approval of this Court, stipulate and agree that the following Protective Order shall govern the handling of documents and materials, including but not limited to deposition

- 1 -

testimony, deposition exhibits, interrogatory responses, admissions, documents produced, tangible things, and any other information produced, given, or exchanged by and among the parties and any non-parties to the above-captioned litigation through formal or informal discovery.

WHEREAS, on October 30, 2019, Allstate filed a Complaint against BrassCraft contending that it is entitled to recover damages from BrassCraft due to the failure of an alleged defective BrassCraft product that was installed in its insured's residence that allegedly caused water damage to the residence. BrassCraft has denied the allegations in their entirety.

WHEREAS, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private business information, including without limitation product design and manufacturing schematics, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

WHEREAS, the parties have an interest in preserving and maintaining the confidentiality of any confidential, proprietary, and/or private business information from public view or dissemination.

NOW, THEREFORE, the undersigned counsel, BrassCraft, and Allstate hereby stipulate and petition this Court as follows:

A.   Definitions

1.   "Document," whether used in the singular or plural, means any document or electronically-stored information as set forth in the Federal Rules of Civil Procedure.

2.   "Designating Party" means a party or third-person that produces information in discovery that is deemed "Confidential" pursuant to this Order.

3.   "Confidential Information" means any information that is designated as such by a Designating Party.  Information may be designated "Confidential" only if the Designating Party has a good-faith basis for believing the information: (a) is confidential under federal or state law or regulations; or (b) contains sensitive personal, financial, or professional information that is generally unavailable to the public and that, if made available to the public, may be injurious to

that party's personal, financial, or professional interests.

4. "Filing Party" shall mean any party who seeks to file with the Court documents or other papers reflecting information designated as "Confidential Information."

5. "Receiving Party" shall mean any party who receives documents or other papers or items reflecting information designated as "Confidential Information."

6. "Privilege" shall mean the attorney-client privilege, the attorney work-product doctrine, or any other legally-recognized privilege, doctrine, or protection that may apply to documents or information in this case.

B. <u>Use of Confidential Information</u>

1. Any and all Confidential Information produced or exchanged in the course of this litigation shall be treated as confidential and shall be used solely for the prosecution and defense of this litigation and for no other purpose. No Confidential Information shall be revealed, disclosed, or made available for inspection and copying to any person who is not permitted to see it pursuant to the terms of this Order without express written consent of the Designating Party. Before receiving access to any of the Confidential Information, each person described in Paragraphs 2(f) through 2(j) shall execute an agreement to be fully bound by this Protective Order in the form of Exhibit A, attached hereto.

2. Except as specifically provided for in this Protective Order or subsequent orders of this Court, discovery materials designated "Confidential" or their contents shall not be revealed, disclosed, or otherwise made known to any persons, other than the following listed below. The parties and their counsel agree that the Confidential Information provided under this agreement and Protective Order shall only be used to investigate, analyze, defend, and resolve the claims asserted in the above-captioned lawsuit.

   a) Counsel of record in this action;

   b) Employees of counsel of record in this action;

   c) This Court;

   d) Court reporters employed in connection with this litigation;

   e) Special masters, settlement judges and/or mediators;

   f)   Outside vendors who are necessary to assist counsel of record in this action in the preparation and trial of this action;

   g)   Experts retained by counsel of record in this action;

   h)   Deposition witnesses;

   i)   Any person or entity to the extent required by operation of law, lawful subpoena, or court order; and

   j)   Any other person with the consent, in writing, of all parties.

3. Every person given access to Confidential Information shall be advised that the information is being disclosed pursuant to and subject to the terms of this Protective Order, and may not be disclosed other than pursuant to the terms thereof.

4. If any party intends to file with the Court or offer into evidence any document claimed to reflect Confidential Information, the Filing Party shall file a motion to seal in compliance with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and the Court's electronic filing procedures provided for in Rule IA 10-5 of the Local Rules of Practice of the United States District Court, District of Nevada, which provides that,

   (a)   Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a motion for leave to file those documents under seal. If papers are filed under seal under prior court order, the papers must state on the first page, directly under the case number: "FILED UNDER SEAL UNDER COURT ORDER (ECF No.___)." All papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them.

   (b)   The court may direct the unsealing of papers filed under seal, with or without redactions, after notice to all parties and an opportunity to be heard.

   (c)   An attorney or pro se party who files a document under seal must include with the document either (i) a certificate of service certifying that the sealed document was served on the opposing attorneys or pro se parties, or (ii) an affidavit showing good cause why the document has not been served on the opposing attorneys or pro se parties.

- 4 -

      (d)      Documents filed under seal in a civil case must be served in accordance with LR IC 4-1(c).

*Id.* The Ninth Circuit held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motion must demonstrate good cause to overcome the presumption of public access. *Kamakana*, 447 F.3d at 1179. Parties seeking to maintain the secrecy of documents attached to dispositive motions, however, must demonstrate compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180. Where the sole ground for a motion to seal is that the document was designated confidential by the Designating Party and therefore subject to protection pursuant to the stipulated protective order, the Filing Party must notify the Designating Party at least seven day prior to filing the designated document with the court. The Designating Party must then make a good faith determination if the relevant standard for sealing is met. To the extent the Designating Party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the Designating Party believes that relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The Filing Party shall then attach that declaration to its motion to seal the designated material. If the Designating Party fails to provide such a declaration in support of the motion to seal, the Filing Party shall file a motion to seal so indicating and the Court may order the document filed in the public record.[1]

    5.    Nothing in this Protective Order prevents use or disclosure of Confidential Information beyond its terms if the Designating Party consents to such use or disclosure, or if the Court, after notice to all affected parties, orders such use or disclosure.

    6.    This Protective Order does not in any way restrict a Designating Party's ability to use his or her own Confidential Information for any purpose.

---

[1] In the event of an emergency motion, the above procedures shall not apply. Instead, the movant shall file a motion to seal and the Designating Party shall file a declaration in support of that motion to seal within three days of its filing. If the designating party fails to timely file such a declaration, the Court may order the document filed in the public record.

7. Any non-party producing documents in this litigation may avail itself of the confidential treatment provided for in this Protective Order for its documents, information, or testimony by following the procedures provided herein. Any non-party that wishes to produce documents subject to this provision agrees to be bound by the terms and conditions of this Protective Order and agrees that any disputes or issues relating to the application, interpretation, or use of the Protective Order will be resolved in the United States District Court for the District of Nevada.

C.   Designating Confidential Material

1. This Order covers information or items that the disclosing party or non-party (hereinafter, "source") designates "CONFIDENTIAL." The designation "CONFIDENTIAL" shall be limited to information and items that the source in good faith believes is privileged, proprietary, commercially sensitive, invades an employee or third-party's rights to privacy, may be injurious to that party's personal, financial, or professional interests, or for similar reasons should otherwise be subject to "CONFIDENTIAL" treatment. If only a portion of the materials, documents, items, or oral or written communications qualify for protection, the Designating Party must designate for protection only those parts of materials, documents, items, or oral or written communications that qualify. Each party or non-party that designates information or items as confidential under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

2. Information and items that are in the public domain, including but not limited to documents presented at trial or other court proceedings publically and not under seal, may not be designated as "CONFIDENTIAL." This provision shall not apply to any document that is in the public domain as a result of violation of any stipulation or court order with respect to such document or any information included in such document.

3. Designation in conformity with this Protective Order requires:

(a) For documents, the Designating Party shall affix "CONFIDENTIAL" to each page of the document that contains protected material. If only a

          portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portions(s) by making an appropriate marking in the margins.

    (b)    For testimony given at deposition, the Designating Party identify on the record, before the close of the deposition, all protected testimony.

    (c)    For testimony given in other pretrial or trial proceedings, the Designating Party identify on the record, before the close of the hearing or other proceeding, all protected testimony.

    (d)    For information produced in some other form other than documentary and for any other tangible items, the Designating Party affix "CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the information or item is stored.

4. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

D. <u>Disputing Confidentiality Designations</u>

1. If any party objects to any "Confidential" designation, that party may, after making a good-faith effort to resolve such objection with the Designating Party, move on reasonable notice for an order vacating the designation. While such application is pending, the information shall continue to be treated as Confidential pursuant to this Protective Order. This paragraph is not intended to shift the burden of establishing confidentiality, which remains at all times on the Designating Party.

/ / /

2. By agreeing to this Stipulated Confidentiality and Protective Order, it shall in no way be viewed as a concession by any party that any document marked "CONFIDENTIAL" is confidential, nor shall this stipulation be deemed a waiver of any party's right to challenge the propriety of a "Confidential" designation.

3. The parties shall not be obligated to challenge the propriety of a "Confidential" designation within any set period after receiving the designated information.

E. Demands by Others for Confidential Information

1. If any other person, organization, or governmental entity demands by subpoena or other appropriate authority the production of any Confidential Information produced to it by another party, the party receiving such demand shall immediately notify the Designating Party of such demand. At its option, the Designating Party may elect to challenge the demand and assert any applicable protections, and shall notify the person, organization, or governmental entity of its challenge within such time as required by law or required by compliance with the demand. When such a challenge is made, the party who received the demand shall not produce any Confidential Information in the absence of consent by the Designating Party or an order by the issuing court compelling production.

F. End of Litigation

1. Absent written permission from the Designating Party or on further order of this Court, this Protective Order shall continue to be binding throughout and after the conclusion of this litigation, including any settlements, appeals, and subsequent proceedings.

2. ==After this case is closed in the district court, the parties may seek the return of any documents they filed under seal.==

3. Within ninety (90) days after final adjudication of this case, including appeals or resolution through settlement, unless otherwise agreed to in writing by an attorney of record for the Designating Party, each party shall either: (a) assemble and return all Confidential Information, including all copies thereof, to the party that produced it; or (b) certify in writing that all such information has been destroyed, provided, however, that any other party may seek to retain on a confidential basis any files or documents containing such material: (i) as long as

necessary as may be required by statute, regulation, or rule; (ii) as long as necessary in order to satisfy obligations to insurers and to make insurance recoveries.  A party who seeks to retain documents pursuant to subparagraph (b) hereunder shall promptly so advise the party requesting return or destruction of such documents of its intention.  Any disputes concerning the applicability of this paragraph shall be resolved by this Court.

G. <u>Miscellaneous</u>

    1. Agreeing to, producing, or receiving Confidential Information or otherwise complying with this Protective Order shall not:

        (a) Prejudice the parties' rights to object to the production of documents they consider not subject to discovery;

        (b) Prejudice the parties' rights to object to the authenticity, relevance, or admissibility into evidence of any document, testimony, or other evidence;

        (c) Prevent the parties from agreeing to alter or waive any portion of this Protective Order with respect to any particular piece of Confidential Information; or

        (d) Prevent any party from seeking from this Court a modification of this Protective Order, including, but not limited to, additional protection with respect to the confidentiality of any information.

    2. In the event additional parties join or are joined in this litigation, they shall not have access to Confidential Information until the newly-joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Protective Order.

    3. The parties agree to be fully bound by this Protective Order pending its entry by this Court, and any violation of this Protective Order shall be subject to the same sanctions and penalties as if the Protective Order has been entered.

/ / /

/ / /

4. The production of material protected by the attorney-client privilege, the attorney work product doctrine, or other privilege or protection ("Protected Material") does not waive, estop, or prevent the producing party from asserting any privilege or other ground for withholding such Protected Material in the course of discovery in this case. The parties may make documents available for preliminary review or otherwise produce documents in this case with or without any pre-production, post-production, or other review for Protected Material, and neither conducting nor foregoing such review shall form a basis to prevent a party from asserting any privilege or other ground for withholding Protected Material as provided for in this Order.

5. A producing party shall have ninety (90) days after one of its counsel in this case becomes actually aware that a specific document containing arguably Protected Material has been produced in which to request its return; otherwise, any claim of protection for the Protected Material shall be deemed presumptively waived. All such requests to return Protected Material shall be in writing to lead counsel for all parties and shall identify the produced Protected Material by Bates range(s). A producing party's counsel shall be deemed to be actually aware that Protected Material was produced at the time the producing party's counsel is served with an exhibit list for trial that specifically lists the Protected Material. If a producing party timely requests the return of Protected Material, any party to which such material was produced shall, within seven (7) days after the request, delete the produced Protected Material and all data associated with such Protected Material (including images and metadata such as extracted text) from any database or document management system containing the Protected Material and associated data, return to the producing party any disk or other media containing Protected Material, return to the producing party or destroy all paper copies of Protected Material, request in writing that any third-party to whom the Protected Material was provided do the same, and provide a written certification to the producing party that the receiving party has followed such procedures. The receiving party has the responsibility to take reasonable steps to ensure that any third party to whom it provided documents produced in this litigation which a producing party later claims are Protected Material are destroyed or returned as outlined in this paragraph.

1  If the receiving party wishes to challenge the producing party's claim of protection as to the
2  Protected Material, the receiving party may file a motion with this Court to compel production
3  of such Protected Material.

4  6.  The parties agree, and this Court hereby orders, that production of Protected
5  Material cannot provide a basis for any third party to seek disclosure or production of the
6  material viewed based on waiver, abandonment, estoppel, prior disclosure, or any other theory,
7  claim, or argument.  The production of Protected Material shall not waive any claim of privilege
8  or protection in any other federal or State proceeding.

9  7.  This Protective Order may be executed in counterparts.

10  8.  In the event any provision of this Protective Order shall be held to be illegal,
11  unenforceable, or inoperative as a matter of law, the remaining provisions shall remain in full
12  force and effect unless such construction shall substantially frustrate the purpose and intent of
13  this Protective Order.

14  9.  In the event of breach of this Protective Order, the parties expressly acknowledge
15  that the non-breaching party shall be entitled to specific performance of the terms of this
16  Protective Order or other injunctive relief.  The parties expressly stipulate, agree, and
17  acknowledge that an unauthorized release of the Confidential Information, is a breach of this
18  Protective Order, and that damages arising from such a breach are not adequately relieved

19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

through pecuniary compensation, are not reasonably quantifiable, and are immediately irreparable.

IT IS SO STIPULATED.

Dated this 29th day of October, 2020.

**ARMSTRONG TEASDALE LLP**

By: /s/*Michelle D. Alarie*
    MICHELLE D. ALARIE, ESQ.
    Nevada Bar No. 11894
    3770 Howard Hughes Parkway, Ste. 200
    Las Vegas, Nevada 89169

    CHRISTOPHER D. BAUCOM, ESQ.
    (admitted *pro hac vice*)
    Missouri Bar No. 56465
    ARMSTRONG TEASDALE LLP
    7700 Forsyth Boulevard, Suite 1800
    St. Louis, Missouri  63105

*Attorneys for Defendant Brasscraft Manufacturing Company*

Dated this 29th day of October, 2020.

**EMERSON LAW GROUP**

By: /s/*Sean M. Harmon*
    PHILLIP R. EMERSON, ESQ.
    Nevada Bar No. 5940
    SEAN M. HARMON, ESQ.
    Nevada Bar No. 15053
    1055 Whitney Ranch Drive, Ste. 120
    Henderson, Nevada 89014

*Attorneys for Plaintiff Allstate Insurance Company*

### ORDER

IT IS SO ORDERED with the modification that Section F. 2. will not apply to the Court as the Court will not return any documents filed in cm/ecf.

_____
UNITED STATES MAGISTRATE JUDGE

DATE: November 2, 2020